# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 17, 2021

Lyle W. Cayce
Clerk

No. 21-50133
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOHN SANCHEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:13-CR-128-3

Before BARKSDALE, COSTA, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

John Sanchez, federal prisoner # 03718-180, pleaded guilty to conspiracy to possess, with intent to distribute, five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Sanchez was sentenced to, *inter alia*, an agreed 240 months' imprisonment. He challenges

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50133

the denial of his motion for a sentence reduction for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A).  Sanchez contends the district court abused its discretion by denying his motion without providing an adequate explanation.

As reflected above, denial of a motion for compassionate release is reviewed for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).  A district court may modify defendant's sentence, after considering the applicable 18 U.S.C. § 3553(a) sentencing factors, if "extraordinary and compelling reasons warrant such a reduction".  18 U.S.C. § 3582(c)(1)(A)(i).  Along that line, the court must provide specific reasons for its decision to deny a sentence-reduction motion. *Chambliss*, 948 F.3d at 693 (explaining thorough factual record necessary because our court gives deference to district court's decision).  The required amount of explanation, of course, depends "upon the circumstances of the particular case". *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018) (explaining "[i]n some cases, it may be sufficient for purposes of appellate review that the judge simply relied upon the record, while making clear that he or she has considered the parties' arguments and taken account of the § 3553(a) factors, among others").

Contrary to Sanchez' claim, the court sufficiently explained its reasons for denying compassionate release.  Although the explanation in its order was extremely brief, the court referenced Sanchez' sentence-reduction motion and the Government's response; and the court stated it considered the relevant § 3553(a) factors before concluding the reduction was not warranted.  Moreover, because both Sanchez' motion and especially the Government's response contained assertions regarding the sentencing factors, the record confirms the court considered those factors. *See Chavez-*

No. 21-50133

*Meza*, 138 S. Ct. at 1967-68 (explaining district court's "awareness" of parties' contentions can assist in revealing its reasoning).

AFFIRMED.